UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DEMETRY MURRAY, MURPHY BENARD, MOSES BIGGS, STEVEN CRISP, CHARLES MCPHERSON, ROYAL MORRIS, and ANTOINETTE WILSON | |
|---|---|
| | Case No.: 4:11-cv-00195-CDP |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| GAMESTOP, INC., | |
| Defendant. | |

**FIRST AMENDED COMPLAINT**

**COME NOW** Plaintiffs DEMETRY MURRAY, MURPHY BENARD, MOSES BIGGS, STEVEN CRISP, CHARLES MCPHERSON, ROYAL MORRIS, and ANTOINETTE WILSON, and for their First Amended Complaint by and through the undersigned attorneys, hereby state the following:

1. This is an action brought by Plaintiffs against Defendant GameStop Inc. ("GameStop") to recover monetary damages arising out of their employment with GameStop and in addition, for attorney fees and costs, and all other damages to which Plaintiffs are entitled.

2. Plaintiff Demetry Murray is an individual who is a resident of the City of St. Louis, State of Missouri and at all relevant times, was an employee of defendant GameStop at its location at 3627 Page Boulevard in the City of St. Louis.

3. Plaintiff Murphy Benard is an individual who is a resident of the State of Missouri and at all relevant times, was an employee of defendant GameStop at its location at 3627 Page Boulevard in the City of St. Louis.

1

4. Plaintiff Moses Biggs is an individual who is a resident of the City of St. Louis, State of Missouri and at all relevant times, was an employee of defendant GameStop at its location at 3627 Page Boulevard in the City of St. Louis.

5. Plaintiff Steve Crisp is an individual who is a resident of the State of Missouri and at all relevant times, was an employee of defendant GameStop at its location at 3627 Page Boulevard in the City of St. Louis.

6. Plaintiff Charles McPherson is an individual who is a resident of the State of Missouri and at all relevant times, was an employee of defendant GameStop at its location at 3627 Page Boulevard in the City of St. Louis.

7. Plaintiff Royal Morris is an individual who is a resident of the State of Missouri and at all relevant times, was an employee of defendant GameStop at its location at 3627 Page Boulevard in the City of St. Louis.

8. Plaintiff Antoinette Wilson is an individual who is a resident of the City of St. Louis, State of Missouri and at all relevant times, was an employee of defendant GameStop at its location at 3627 Page Boulevard in the City of St. Louis.

9. Defendant GameStop, Inc., upon information and belief, is a Delaware corporation with its principal place of business in Grapevine, Texas and may be found doing business at the location of 3627 Page Boulevard in the City of St. Louis, Missouri and other locations in the State of Missouri. At all relevant times, GameStop purposely transacted business in Missouri and is subject to personal jurisdiction in this Court.

10. Upon information and belief, GameStop is the world's largest video game and entertainment software retailer and operates more than 6,500 retail stores worldwide, as well as GameStop.com and EBgames.com. As part of its business, defendant GameStop offers

customers popular new software, hardware and game accessories for video game systems and personal computers. Upon information and belief, there are approximately 75 GameStop retail outlets in the State of Missouri.

11. This Court has subject matter jurisdiction over the causes of action asserted herein under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

12. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants can be found within this judicial district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## FACT ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiffs are and were employees who worked for wages at the Defendant's retail store, selling DVDs, movies, stocking shelves, maintaining the store and performing tasks requested by GameStop.

14. Defendant GameStop would consistently remove time shown on each Plaintiffs' time clock entry from the overall time that each Plaintiff worked each week.

15. The Defendant willfully and intentionally, on a unilateral basis, removed hours worked by the Plaintiffs from records on which their pay was based. Thus, the Plaintiffs performed several hours of work for the Defendant each week for which they were not paid.

16. The Plaintiffs were required by Defendant GameStop to work hours off the clock and not receive compensation for these hours. Plaintiff Murray was told by his store manager that he "doesn't want to know what happens at the store."

17. Plaintiffs were required by Defendant GameStop to be present and working at the Page Boulevard location in such tasks as keeping watch at the store during remodeling and

3

during security-related calls and yet the Plaintiffs were not compensated for these hours when they were required to work by GameStop.

18. Defendant engaged in a practice of placing unlawful and inaccurate caps on the number of employee hours to be recorded in a given week at the Page Boulevard store. In order to meet this artificial cap, Defendant would wrongfully and unlawfully cut hours of employees who had actually worked them without providing them compensation.

19. Plaintiffs Moses Biggs, Murphy Benard, Demetry Murray and Royal Morris were told by GameStop Management to shave hours of employees who had worked for the Defendant GameStop.

20. Defendant engaged in a practice of having employees perform work after the store closing. Plaintiffs engaged in duties of counting money, store deposits, checking game inventory, separating sales receipts and putting up marketing items up to and until far after closing hours. Defendant failed to properly pay Plaintiffs for these hours of work.

21. Plaintiffs were required by Defendant to work over their lunch breaks such as completing bank deposits and yet were required to clock in and out during this period and failed to receive compensation for services performed on behalf of the Defendant during their lunch hour.

22. If Plaintiffs left too early they would receive a disciplinary write-up and yet were told by the Defendant that they had to perform duties after the store closing, but would not be compensated for this work.

23. Plaintiffs were required by the Defendant to clock out and yet had to continue to work at the store such as completing inventory and alphabetizing the various video games

sometimes reaching four (4) to five (5) hours of additional time for which they were not compensated.

24. Plaintiffs were required to work and perform cleaning services at the store after closing hours and yet were not compensated for this additional work for cleaning the property at 3627 Page Boulevard.

25. Defendant's store manager would blatantly admit that he understood the Plaintiffs were working extra hours and not being paid and yet he "didn't want to know about it."

26. Defendant GameStop engaged in a practice of having Plaintiffs sign timesheets after the store managers had unlawfully and wrongfully modified such timesheets to indicate a lower number of hours worked than Plaintiffs actually provided to the Defendant.

**COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**

27. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 26 as paragraph 27 of Count I.

28. At all relevant times hereto, Plaintiffs have been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

29. The FLSA requires employers to pay employees (1) for hours worked and (2) overtime rates for those who work more than forty hours in a work-week. 29 U.S.C. §§ 206-07.

30. At all relevant times hereto, GameStop was the "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. §§ 203(d).

31. At all relevant times hereto, Plaintiffs were GameStop's "employees" within the meaning of the FLSA. 29 U.S.C. §§ 203(e).

32. GameStop is subject to the hours worked and overtime pay requirements of the FLSA because GameStop is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

33. Gamestop violated the FLSA by failing to pay for hours worked and overtime.

34. Plaintiffs are entitled to damages of at least the mandated minimum wage and applicable overtime premium pay within the three (3) years preceding Plaintiffs' filing of their Complaint, plus periods of equitable tolling, because GameStop acting willfully and knew, or showed reckless disregard for whether its conduct as set forth herein was prohibited by the FLSA.

35. GameStop has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hours worked and overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should this Court find that GameStop did not act willfully in failing to pay hours worked and overtime compensation, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

36. As a result of GameStop's willful violations of the FLSA's hours worked and overtime pay requirements as set forth herein, compensation for at least minimum wages and overtime has been unlawfully withheld by GameStop from Plaintiffs. Accordingly, GameStop is liable under 29 U.S.C. § 216(b) together with an additional amount withheld as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor as to Count I and further seek (1) compensatory damages, (2) liquidated damages, (3)

attorneys' fees and costs as allowed by Section 216(b) of the FLSA, (4) pre- and post-judgment interest as provided by law, and (5) all other and further relief as this Court deems just and proper under the circumstances.

## COUNT II - VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS

37. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 36 as paragraph 37 of Count II.

38. At all relevant times hereto, Plaintiffs have been entitled to the rights, protections and benefits provided under Missouri's wage and hour laws, RSMo. §§ 290.500 *et seq*.

39. Missouri wage and hour laws require employers to pay employees (1) for hours worked and (2) overtime rates for those who work more than forty hours in a work-week. RSMo. §§ 290.502, 505.

40. At all relevant times hereto, GameStop was the "employer" of Plaintiffs within the meaning of Missouri's wage and hour laws. RSMo. § 290.500(4).

41. At all relevant times hereto, Plaintiffs were GameStop's "employees" within the meaning of Missouri's wage and hour laws. RSMo. § 290.500(3).

42. GameStop, pursuant to its policy and practice, violated Missouri's wage and hour laws by refusing and failing to pay Plaintiffs the mandated minimum wage and applicable overtime wages required under Missouri law. RSMo. §§ 290.502, 505.

43. Plaintiffs are entitled to damages equal to the mandated minimum wage and applicable overtime wages due within the two (2) years preceding Plaintiffs' filing of their Complaint, plus periods of equitable tolling. RSMo. § 290.527.

44. Plaintiffs are also entitled to an additional equal amount as liquidated damages. RSMo. § 290.527.

45.     Plaintiffs are further entitled to an award of pre- and post-judgment interest at the applicable legal rate.

46.     Pursuant to RSMo. § 290.527, GameStop is liable for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor as to Count II and further seek (1) compensatory damages, (2) liquidated damages, (3) attorneys' fees and costs as allowed by RSMo. § 290.527, (4) pre- and post-judgment interest as provided by law, and (5) all other and further relief as this Court deems just and proper under the circumstances.

## COUNT III - IMPLIED CONTRACT

47.     Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 46 as paragraph 47 of Count III.

48.     At all relevant times, the Plaintiffs were employees at a GameStop retail store and were paid either an hourly wage or salary as compensation for their work and services performed for GameStop.

49.     At all relevant times, the Plaintiffs provided GameStop with their work and services at a GameStop retail store, including, but not limited to selling merchandise to customers, completing inventory, alphabetizing the various video games, stocking merchandise, cleaning the store, appearing at the store for security purposes off hours, counting money, making store deposits, checking game inventory, separating sales receipts and putting up marketing items. All of this work was required and demanded to be performed by GameStop.

50.     Based upon the above described activities, the acts and conduct of the parties support a reasonable inference of a mutual understanding and agreement that the Plaintiffs would

8

perform their jobs and other work required of them at the retail stores and that GameStop would compensate them for such performance.

51. The agreement between the Plaintiffs to perform work and for GameStop to compensate them for such work arises from their intention implied and presumed from their acts in that it is the ordinary course of dealing and the common understanding in the workplace that employees are compensated for all the hours in which an employer requires them to perform services.

52. An implied contract existed between the Plaintiffs and GameStop that the employees would receive compensation and pay for all hours worked at the GameStop retail stores.

53. GameStop breached this implied contract with the Plaintiffs when, *inter alia*, it unlawfully and wrongfully modified such timesheets to indicate a lower number of hours worked than Plaintiffs actually provided to the Defendant; placed artificial caps on the number of employee hours to be recorded in a given week at its retail stores such that in order to meet this artificial cap, the Defendant would wrongfully and unlawfully cut hours of employees who had actually worked them without providing them compensation; required its former and current employees to clock out, yet required said employees to continue to work at the store completing inventory and alphabetizing the various video games sometimes reaching four (4) to five (5) hours of additional time for which they were not compensated; and had Plaintiffs sign timesheets after the store managers had unlawfully and wrongfully modified such timesheets to indicate a lower number of hours worked than Plaintiffs actually provided to the Defendant.

54. As a direct and proximate result of this Breach, Plaintiffs have suffered damages, including loss of pay, benefits and other incidents of gainful employment.

9

55. GameStop acted with sufficient malice to justify the imposition of punitive damages.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor as to Count III and further seek compensatory, proximate, incidental and consequential damages, pre and post judgment interest, punitive damages, costs, attorney fees and such other relief the Court deems just and proper.

## COUNT IV - UNJUST ENRICHMENT

56. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 55 as paragraph 56 of Count IV.

57. By the Plaintiffs ass providing GameStop with their work and services at a GameStop retail store, including, but not limited to selling merchandise to customers, completing inventory, alphabetizing the various video games, stocking merchandise, cleaning the store, appearing at the store for security purposes off hours, counting money, making store deposits, checking game inventory, separating sales receipts and putting up marketing items, a benefit was conferred upon the Defendant by the Plaintiffs.

58. The work and services performed at GameStop retail stores by the Plaintiffs was appreciated by the Defendant which accepted the benefits of this work and services.

59. The acceptance and retention by the Defendant of the benefit of Plaintiffs work and services at the GameStop stores, without providing compensation for same, would be inequitable in that the Plaintiffs were not paid, yet Defendant benefitted from sales, marketing, inventory control and store appearance.

60. GameStop acted with sufficient malice to justify the imposition of punitive damages.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor as to Count IV and further seek compensatory, proximate, incidental and consequential damages, pre and post judgment interest, punitive damages, costs, attorney fees and such other relief the Court deems just and proper.

## COUNT V - QUANTUM MERUIT

61.   Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 60 as paragraph 61 of Count V.

62.   Plaintiffs provided to the Defendant their services at GameStop retail stores including, but not limited to selling merchandise to customers, completing inventory, alphabetizing the various video games, stocking merchandise, cleaning the store, appearing at the store for security purposes off hours, counting money, making store deposits, checking game inventory, separating sales receipts and putting up marketing item at the Defendant's request and with the acquiescence of the Defendant.

63.   That Plaintiffs' work and services had reasonable value, as outlined by Defendant's paying them some hourly wages and salary.

64.   The Defendant, despite the demands of the Plaintiffs, have failed and refused to pay the reasonable value of such services of Plaintiffs performed at GameStop retail stores at the Defendant's request and with the acquiescence of the Defendant.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor as to Count V and further seek compensatory, proximate, incidental and consequential damages, pre and post judgment interest, punitive damages, costs, attorney fees and such other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

**WEISS & ASSOCIATES, P.C.**

/s/ James G. Nowogrocki
James G. Nowogrocki, #38559MO
Richard D. Worth, #61025MO
1015 Locust, Suite 400
St. Louis, Missouri 63101
Phone: 314-588-9500
Facsimile: 314-588-9595
Email: jnowogrocki@weissandassoc.com
rworth@weissandassoc.com

## CERTIFICATE OF SERVICE

I certify that on the 29th of July 2011, I electronically filed the foregoing First Amended Complaint with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

Mr. Daniel M. O'Keefe, Esq.
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102

/s/ James G. Nowogrocki